NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0443n.06

Case No. 21-3155

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

GUSTAVO HERRERA ACOSTA,   )
                          )
    *Petitioner*,            )
                          )
    v.                      )
                          )   ON PETITION FOR REVIEW
MERRICK B. GARLAND, Attorney General,   )   FROM THE BOARD OF
                          )   IMMIGRATION APPEALS
    *Respondent*.           )
                          )

**FILED**
Sep 24, 2021
DEBORAH S. HUNT, Clerk

Before: BATCHELDER, LARSEN, and READLER, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Gustavo Herrera Acosta applied to the Immigration Judge (IJ) for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). The IJ denied that application and Herrera Acosta appealed to the Board of Immigration Appeals (BIA). The BIA dismissed that appeal and Herrera Acosta moved for reconsideration. The BIA denied the motion and Herrera Acosta petitions this court for further review. We DENY the petition.

## I.

Herrera Acosta is a native and citizen of Mexico who entered the United States without inspection some time prior to May 5, 2009. On that date, the Department of Homeland Security (DHS) served Herrera Acosta with a Notice to Appear at a date and time "to be set." Three days later, Herrera Acosta received a Notice of Hearing in Removal Proceedings, stating the date, time, and location for that hearing.

Herrera Acosta appeared at that hearing with counsel and denied the factual allegations and the removal charge. The IJ took testimony, accepted the I-213 into the record, and sustained the

removal charge based on the I-213. At a subsequent hearing, the IJ reiterated that he had rejected Herrera Acosta's denial and had sustained the charge. Herrera Acosta did not object to that finding.

At the merits hearing, the IJ again recognized, on the record, that he had previously sustained the allegations in the Notice to Appear and found Herrera Acosta removable from the United States as charged. Ultimately, the IJ denied Herrera Acosta's application for cancellation of removal, finding that Herrera Acosta had not established the requisite hardship to a qualifying relative, and ordered Herrera Acosta removed to Mexico. Herrera Acosta appealed to the BIA, claiming that he had indeed established the requisite hardship, but the BIA disagreed and dismissed the appeal. The BIA subsequently denied Herrera Acosta's motion for reconsideration. Herrera Acosta seeks further review here.

## II.

### A.

Herrera Acosta argues that the IJ did not make a formal, explicit finding that Herrera Acosta was inadmissible, so the removal proceedings were defective and, therefore, null and void. The BIA found that Herrera Acosta did not raise this issue to the IJ or on direct appeal, but it nonetheless considered and rejected this claim on the merits. Specifically, the record established that the IJ admitted the Notice to Appear and the I-213 as evidence, both of which established Herrera Acosta's inadmissibility, and then expressly sustained the removal charge. Moreover, Herrera Acosta conceded in his application for cancellation of removal that he entered the United States without inspection. The IJ made a sufficient finding of Herrera Acosta's inadmissibility and Herrera Acosta cannot show otherwise.

### B.

Herrera Acosta argues that his initial Notice to Appear did not state the time and place, so *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S.Ct. 1474 (2021),

render his entire removal proceedings a nullity. The BIA rejected this claim based on *Matter of Bermudez Cota*, 27 I.&N. Dec. 441, 447 (B.I.A. 2018), which held that the jurisdictional requirements of 8 U.S.C. § 1229(a) are satisfied by a subsequent notice of the time and place.

We must also reject Herrera Acosta's argument. Simply put, *Pereira* and *Niz-Chavez* concern only the stop-time rule, which is not implicated here. *See Pereira*, 138 S. Ct. at 2113 (stating "the dispositive question" in *Pereira* as whether "a notice to appear that does not specify the time and place at which the proceedings will be held . . . trigger[s] the stop time rule," and describing that question as "narrow" (internal quotation marks omitted)); *Niz-Chavez*, 141 S. Ct. at 1479 (noting that the Court "agreed to hear this case to resolve the conflict" between courts of appeals as to what "trigger[s] the stop-time rule"). For jurisdictional purposes, it is not necessary that the Notice to Appear contain all the required information or that all the information be included in a single document. *See Santos-Santos v. Barr*, 917 F.3d 486, 490 (6th Cir. 2019); *see also United States v. Calan-Montiel*, 4 F.4th 496, 497 (7th Cir. 2021) ("[N]one of the courts of appeals treats noncompliance with the one-document rule as a jurisdictional defect in a removal proceeding."); *Rivera-Lopes v. Garland*, 854 F. App'x 419, 420 (2d Cir. 2021); *Navarrete-Lopez v. Garland*, 853 F. App'x 1003, 1004 n.1 (5th Cir. 2021); *Perez v. Garland*, 853 F. App'x 189, 190 (9th Cir. 2021). Because Herrera Acosta received a subsequent Notice of Hearing, which provided the required time and date information that was missing from the Notice to Appear, Herrera Acosta received the necessary notice and the IJ had jurisdiction.

### III.

Based on the foregoing, we DENY the petition for review.